UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>              Plaintiff,<br><br>     v.<br><br>DE ARANJAN INC. dba VALERO GRIP & GO, et al.,<br><br>              Defendants. | No.  1:22-cv-0994 DAD DB<br><br>ORDER |

On September 28, 2023, plaintiff filed a notice to reschedule the hearing of plaintiff's motion for default judgment against defendant De Aranjah Inc., for hearing before the undersigned on November 17, 2023, pursuant to Local Rule 302(c)(19).  (ECF No. 44.)  Review of plaintiff's amended complaint finds that it alleges a federal claim for violation of the Americans with Disabilities Act, as well as California state law claims for violation of the Unruh Civil Rights Act and California Health and Safety Code.  (Am. Compl. (ECF No. 33) at 6-10.)

The Court has supplemental jurisdiction over the amended complaint's state law claims. A district court may decline to exercise supplemental jurisdiction over a state law claim "in exceptional circumstances."  28 U.S.C. § 1367(c)(4).  "When a 'high-frequency' litigant asserts a California Unruh Act claim in federal court with an ADA claim, it may constitute an exceptional circumstance that justifies dismissal of the Unruh Act claim."  Whitaker v. Mission Edge Café,

Inc., Case No. 21-cv-9362 CRB, 2022 WL 7127878, at *2 (N.D. Cal. Oct. 12, 2022). "Such situations implicate strong federal–state comity concerns because 'high-frequency' litigants can evade heightened California-law rules by filing Unruh Act claims with ADA claims in federal court." SCOTT JOHNSON, Plaintiff, v. KUMA KUMA LLC, Defendant., Case No. 22-cv-1368 CRB, 2022 WL 17418977, at *2 (N.D. Cal. Dec. 5, 2022).

Accordingly, plaintiff will be ordered to file a supplemental brief addressing: (1) the number of complaints alleging a construction related accessibility violation filed by plaintiff within the prior 12 months; and (2) why this court should not find that "compelling reasons exist for declining supplemental jurisdiction over Plaintiff's Unruh Act claim" and other state law claims. Brooke v. Sarodia Suncity LLC, Case No. EDCV 22-1374 JGB (SPx), 2022 WL 17363913, at *4 (C.D. Cal. Nov. 3, 2022). See generally Brooke v. 247 Hotels Beverage, LLC, No. 22-22682, 2023 WL 5013045, at *1 (9th Cir. Aug. 7, 2023) ("Contrary to Brooke's contention, the clerk's entry of default did not require the district court to exercise supplemental jurisdiction over her Unruh Act claim."); Vo v. Choi, 49 F.4th 1167, 1172 (9th Cir. 2022) ("we see no reason to hold that the district court abused its discretion in determining there were compelling reasons to decline jurisdiction over the Unruh Act claim."); MIGUEL SOTO, Plaintiff, v. KEN YOUNG; and DOES 1 to 10, Defendants, CV 11-6874 RSWL SKx, 2022 WL 17222277, at *3 (C.D. Cal. Oct. 12, 2022) ("'exceptional circumstances' and 'compelling reasons' exist in this case to support the Court's decision to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act and other state law claims"); Whitaker v. Jeong, Case No. 4:1`-cv-1262 YGR, 2022 WL 6837724, at *2 (N.D. Cal. Oct. 11, 2022) ("the Court finds that exceptional circumstances exist that justify declining jurisdiction over the Unruh Act claim").

Moreover, plaintiff's motion for default judgment seeks default judgment against fewer than all of the defendants in this action. Rule 54(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> ... when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

See also Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980) (noting that the court has discretion to enter a default judgment as to less than all defendants); Shanghai Automation Instrument Co., Ltd. v. Kuei, 194 F. Supp.2d 995, 1010 (N.D. Cal. 2001) ("differing judgments against defendant Tsai and the defaulting defendants would not necessarily be illogical").

However, the Supreme Court warned that "absurdity might follow" in instances where a court "can lawfully make a final decree against one defendant . . . while the cause was proceeding undetermined against the others." Frow v. De La Vega, 82 U.S. 552, 554 (1872).  The Ninth Circuit has summarized the Frow standard as follows: "[W]here a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." In re First T.D. & Investment, 253 F.3d 520, 532 (9th Cir. 2001) (citing Frow, 82 U.S. at 554); see also Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc., 740 F.2d 1499, 1512 (11th Cir. 1984) ("even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits").

Plaintiff's supplemental briefing, therefore, shall also address if default judgment is appropriate in this action in light of the above.

Accordingly, IT IS HEREBY ORDERED that within fourteen days of the date of this order plaintiff shall filed a supplemental brief addressing: (1) the number of complaints alleging a construction related accessibility violation filed by plaintiff within the prior 12 months; (2) why this court should not find that compelling reasons exist for declining supplemental jurisdiction over plaintiff's state law claims; and (3) whether default judgment is appropriate against fewer than all defendants in this action.

DATED:  October 4, 2023            /s/ DEBORAH BARNES
                                    UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/gilbert0994.sup.brief.unruh