UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DE ARANJAH INC. dba VALERO GRIP & GO, et al.,<br><br>　　　　Defendants. | No.  1:22-cv-0994 DAD DB<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　This matter came before the undersigned on June 14, 2024, pursuant to Local Rule 302(c)(19), for hearing of plaintiff's motion for default judgment against defendant De Aranjah Inc. (ECF No. 65.)  Attorney Tanya Moore appeared on behalf of the plaintiff.  No appearance was made on behalf of defendant De Aranjah Inc.[1]  At that time, oral argument was heard and the motion was taken under submission.  Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that the motion for default judgment be denied for the reasons explained below.

////

////

---

[1] Counsel for defendant Gill McHenry Inc., also did not appear at the June 14, 2024 hearing.

1

**BACKGROUND**

Plaintiff Darren Gilbert initiated this action through counsel on August 10, 2022, by filing a complaint and paying the required filing fee. (ECF No. 1.) Plaintiff is proceeding on an amended complaint filed on June 14, 2023. (ECF No. 33.) The amended complaint alleges that plaintiff is "substantially limited in his ability to walk," and must use a "wheelchair, knee scooter, or prosthetic for mobility." (Am. Compl. (ECF No. 33) at 2.[2]) Defendants De Aranjah Inc. dba Valero Grip & Go ("De Aranjah") and Gill McHenry Inc., ("McHenry") owned and operated a business, known as Valero Grip & Go, located at 2512 Coffee Road, Modesto California 95350. (Id. at 1-3.)

Plaintiff visited the property on or around March 14, 2022, to purchase fuel. (Id. at 2.) Plaintiff encountered several architectural barriers including an improper curb ramp and a high transaction counter. (Id. at 3.) Pursuant to these allegations, the complaint alleges the defendants violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*., ("ADA"), and the Unruh Civil Rights Act, California Civil Code § 51, ("Unruh Act"). (Id. at 6-9.)

Defendant McHenry filed an answer to the amended complaint on June 28, 2023. (ECF No. 34.) On August 18, 2023, plaintiff filed a request for entry of defendant De Aranjah's default. (ECF No. 39.) The Clerk entered defendant's default on August 18, 2023. (ECF No. 40.)

On January 15, 2024, plaintiff filed the pending motion for default judgment. (ECF No. 54.) The motion came for hearing before the undersigned on June 14, 2024. (ECF No. 65.) Despite being served with notice of the motion and hearing, counsel for defendant De Aranjah did not appear at the hearing.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co.

---

[2] Page number citations such as this are to the page number reflected on the court's CM/ECF system and not to the page numbers assigned by the parties.

1  v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United

2  States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also

3  DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826

4  F.2d 915, 917-18 (9th Cir. 1987).

   Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

   Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

**ANALYSIS**

Having reviewed plaintiff's motion for default judgment, the undersigned finds that it should be denied for the following reasons.

**I.    Supplemental Jurisdiction**

As noted above, the complaint alleges a claim pursuant to the ADA, as well as California state law claims, including pursuant to the Unruh Act. The court has supplemental jurisdiction over plaintiff's California state law claims. However, a district court may decline to exercise supplemental jurisdiction over a state law claim "in exceptional circumstances." 28 U.S.C. § 1367(c)(4).

"Congress enacted the ADA 'to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities.'" Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc., 603 F.3d 666, 669 (9th Cir. 2010) (quoting 42 U.S.C. § 12101(b)(2)). "Title III of the ADA prohibits discrimination in public accommodations, stating that '[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.'" Kohler v. Bed Bath & Beyond of California, LLC, 780 F.3d 1260, 1263 (9th Cir. 2015) (quoting Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007)).

Similarly, the California Unruh Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). Pursuant to the Unruh Act a "violation of the right of any individual under the federal Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Cal. Civ. Code § 51(f) (citation and footnote omitted).

But "[d]amages are not an available remedy to individuals under Title III of the ADA; individuals may receive only injunctive relief." Ervine v. Desert View Regional Medical Center Holdings, LLC, 753 F.3d 862, 867 (9th Cir. 2014). "The Unruh Act, however, does allow for monetary damages." Molski v. M.J. Cable, Inc., 481 F.3d 724, 731 (9th Cir. 2007). In 2012 California began amending the Unruh Act to require heighted pleading requirements for disability discrimination lawsuits, particularly as it relates to "high-frequency" litigants.[3] See Cal. Civ. Pro. Code § 425.50. Because these heighted pleading requirements "do not apply in federal court," they have caused a "wholesale shifting of Unruh Act/ADA cases into the U.S. District Court[s]."

---

[3] A "high-frequency litigant" includes "a plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation[.]" Cal. Civ. Pro. Code § 425.55(b)(1).

Valencia v. GNN Investments, LLC, Case No. 2:22-cv-2243 MEMF (PLAx), 2023 WL 4315541, at *4 (C.D. Cal. June 30, 2023) (quotation omitted).

Accordingly, "[w]hen a 'high-frequency' litigant asserts a California Unruh Act claim in federal court with an ADA claim, it may constitute an exceptional circumstance that justifies dismissal of the Unruh Act claim."[4] Whitaker v. Mission Edge Café, Inc., Case No. 21-cv-9362 CRB, 2022 WL 7127878, at *2 (N.D. Cal. Oct. 12, 2022). "Such situations implicate strong federal–state comity concerns because 'high-frequency' litigants can evade heightened California-law rules by filing Unruh Act claims with ADA claims in federal court." SCOTT JOHNSON, Plaintiff, v. KUMA KUMA LLC, Defendant., Case No. 22-cv-1368 CRB, 2022 WL 17418977, at *2 (N.D. Cal. Dec. 5, 2022).

Plaintiff argues that the interests of "judicial economy and convenience" support maintaining supplemental jurisdiction. (ECF No. 50 at 2.) "But, in filing these actions in federal courts, plaintiffs have managed to avail themselves of the state statutory damages while circumventing the limitations imposed by the state legislature. This situation, as well as the increased burden on federal courts due to the increasing number of these cases, presents the type of 'exceptional circumstances' and 'compelling reasons' that justify a court's decision to decline to exercise supplemental jurisdiction over any Unruh Act or other state law claims under 28 U.S.C. § 1367(c)(4)." Soto v. Young, CV 11-6874 RSWL SKx, 2022 WL 17222277, at *2 (C.D. Cal. Oct. 12, 2022). As explained by the Ninth Circuit, "the ready shifting of ADA-based Unruh Act cases to federal court has created an end-run around California's requirements thereby allowing a wholesale evasion of those critical limitations on damages relief under the Unruh Act." Arroyo v. Rosas, 19 F.4th 1202, 1213 (9th Cir. 2021) (quotation omitted).

Accordingly, the undersigned finds that there are exceptional circumstances and compelling reasons in this action to decline to exercise supplemental jurisdiction over plaintiff's

---

[4] Plaintiff is a high-frequency litigant, having filed "approximately 100 . . . lawsuits in federal court" within the twelve-month period of the filing of the complaint in this action. (ECF No. 50 at 2.) See Gilbert v. Singh, No. 1:22-cv-0552 ADA BAM, 2023 WL 317323, at *2 (E.D. Cal. Jan. 19, 2023) ("According to the filings with this Court, Plaintiff Gilbert appears to be a high-frequency litigant, with at least 80 cases filed in this district within the 12-month period from May 6, 2021 to May 6, 2022.").

Unruh Act and other state law claims.  See generally Vo v. Choi, 49 F.4th 1167, 1172 (9th Cir. 2022) ("we see no reason to hold that the district court abused its discretion in determining there were compelling reasons to decline jurisdiction over the Unruh Act claim."); Trujillo v. H&S LBSE Inc., Case No. 1:21-cv-0058 JLT BAM, 2024 WL 1344590, at *8 (E.D. Cal. Mar. 29, 2024) ("The resulting increase in disability access cases has burdened the courts.  Indeed, the Eastern District of California remains under a state of judicial emergency, and an increase in disability access cases strains its already limited judicial resources.  Thus, the Court finds there are 'exceptional circumstances' for declining supplemental jurisdiction."); Brooke v. Sarodia Suncity LLC, Case No. EDCV 22-1374 JGB (SPx), 2022 WL 17363913, at *4 (C.D. Cal. Nov. 3, 2022) ("compelling reasons exist for declining supplemental jurisdiction over Plaintiff's Unruh Act claim."); Whitaker v. Jeong, Case No. 4:21-cv-1262 YGR, 2022 WL 6837724, at *2 (N.D. Cal. Oct. 11, 2022) ("the Court finds that exceptional circumstances exist that justify declining jurisdiction over the Unruh Act claim"); Kwon v. Ramirez, 576 F.Supp.3d 696, 702 (C.D. Cal. 2021) ("The Court also finds that whatever inefficiencies may arise from Plaintiff litigating claims in two separate forums are slight in comparison to California's weighty interest in ensuring its laws are not circumvented, and in enforcing the detailed statutory regime it has set up for construction-related accessibility claims.").

Accordingly, the undersigned recommends that the court decline to exercise supplemental jurisdiction over plaintiff's state law claims.

**II.     Default Against Fewer Than all Defendants**

The amended complaint alleges claims against two defendants: De Aranjah and McHenry. (Am. Compl. (ECF No. 33) at 1-2.)  All the amended complaint's factual allegations and claims are asserted against each defendant jointly, and the amended complaint refers "collectively" to the conduct of the "Defendants."  (Id. at 2.)  However, plaintiff is only seeking default judgment against defendant De Aranjah.[5]  (ECF No. 54.)

////

---

[5] Defendant McHenry has appeared through counsel and is defending against plaintiff's claims. (ECF No. 34.)

1         Rule 54(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> ... when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

See also Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980) (noting that the court has discretion to enter a default judgment as to less than all defendants); Shanghai Automation Instrument Co., Ltd. v. Kuei, 194 F. Supp.2d 995, 1010 (N.D. Cal. 2001) ("differing judgments against defendant Tsai and the defaulting defendants would not necessarily be illogical").

        However, the Supreme Court warned that "absurdity might follow" in instances where a court "can lawfully make a final decree against one defendant . . . while the cause was proceeding undetermined against the others." Frow v. De La Vega, 82 U.S. 552, 554 (1872). The Ninth Circuit has summarized the Frow standard as follows: "[W]here a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." In re First T.D. & Investment, 253 F.3d 520, 532 (9th Cir. 2001) (citing Frow, 82 U.S. at 554); see also Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc., 740 F.2d 1499, 1512 (11th Cir. 1984) ("even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits"); Employee Painters' Trust v. Cascade Coatings, No. C12-0101 JLR, 2014 WL 526776, at *3 (W.D. Wash. Feb. 10, 2014) ("it would be an abuse of discretion for this court to grant Plaintiffs' motion for default judgment because Plaintiffs allege the same claims against Mr. Schlatter and the non-defaulted jointly and severally liable co-defendants, Mr. McLaughlin and Cascade Partnership. Supreme Court and Ninth Circuit precedent prohibit default judgment where a default judgment against one defendant could be inconsistent with a judgment on the merits in favor of other defendants"); Helton v. Factor 5, Inc., Case No: C 10-4927 SBA, 2013 WL 5111861, at *6 (N.D. Cal. Sept. 12, 2013) ("In the present case, there is a serious risk of inconsistent judgments. Plaintiffs have alleged that Defendants all are jointly and severally liable for the 11 claims alleged in the First Amended Class Action Complaint.").

Here, the undersigned finds that granting plaintiff's motion for default judgment against only defendant De Aranjah while the case proceeds against defendant McHenry would create a serious risk of inconsistent judgments.[6]

### III. Defense Counsel's Conduct

The background of this case is unlike any other that has come before the undersigned and is most unusual. In this regard, this is not a case in which the defendant failed entirely to respond to the complaint. Instead, on October 31, 2022, attorney Alonzo J. Gradford appeared on behalf of defendant De Aranjah. (ECF No. 11.) Attorney Gradford filed several documents on defendant's behalf and appeared at a hearing. (ECF Nos. 15, 16, 18, 23, 24, 29.)

On June 14, 2023, plaintiff filed an amended complaint. (ECF No. 34.) Attorney Gradford did not file a response and defendant De Aranjah's default was entered on August 18, 2023. (ECF No. 40.) Since that time attorney Gradford has taken no action in this case.

Moreover, the undersigned issued attorney Gradford multiple orders to show cause. (ECF Nos. 51, 52, 61.) Attorney Gradford failed to respond to any of those orders. In light of this conduct the undersigned was concerned that attorney Gradford had ceased practicing law or was suffering from poor health. However, in response to an inquiry from the undersigned plaintiff's counsel filed a statement on March 5, 2024, explaining that they had "recently spoken with Mr. Gradford who is reportedly in good health, and practicing law, and claims not to have abandoned his client." (ECF No. 60 at 1.) Attorney Gradford "promised to file his own statement with the Court by February 26, 2024," but did not. (Id.)

The undersigned has serious concerns about attorney Gradford's conduct and representation of the defendant. Defendant De Aranjah retained counsel, appears to have every reason to believe that counsel is defending this action, and may be entirely unaware of the entry of default and the risk of default judgment. Under these circumstances, the undersigned cannot recommend the entry of default judgment.

////

---

[6] Plaintiff's counsel explains that counsel filed the motion for default judgment only because the previously assigned Magistrate Judge ordered plaintiff to do so. (ECF No. 50 at 2.)

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. The court decline to exercise supplemental jurisdiction over plaintiff's state law claims and dismiss those claims without prejudice; and

2. Plaintiff's January 15, 2024 motion for default judgment (ECF No. 54) be denied without prejudice to renewal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 26, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/gilbert0994.mdj.f&rs

9