UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>DE ARANJAH INC. dba VALERO GRIP & GO, et al.,<br><br>    Defendants.<br><br>GILL MCHENRY, Inc.,<br><br>    Cross Claimant,<br><br>    v.<br><br>DE ARANJAH INC. dba VALERO GRIP & GO,<br><br>    Cross Defendant. | No.  1:22-cv-00994-DAD-DB<br><br>ORDER *SUA SPONTE* DISMISSING CASE DUE TO A LACK OF FEDERAL SUBJECT MATTER JURISDICTION |

On July 25, 2024, plaintiff's counsel notified the court that plaintiff had passed away a few weeks earlier. (Doc. No. 69.)  For the reasons set forth below, the court will dismiss this action without prejudice due to a lack of subject matter jurisdiction.

**BACKGROUND**

On August 10, 2022, plaintiff Darren Gilbert initiated this civil rights action against defendants De Aranjah Inc., doing business as Valero Grip & Go, ("De Aranjah") and Gill

1

1  McHenry Inc.  (Doc. No. 1.)  On October 10, 2022, defendant Gill McHenry Inc. filed a
2  crossclaim against defendant De Aranjah, asserting one cause of action for express indemnity.
3  (Doc. No. 10 at 3.)

4  On June 14, 2023, plaintiff filed a first amended complaint ("FAC") against defendants,
5  asserting claims under (1) Title III of the Americans with Disabilities Act of 1990, 42 U.S.C.
6  §§ 12101, *et seq.* ("ADA"); (2) California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51 *et seq.*;
7  and (3) California Health and Safety Code § 19953.  (Doc. No. 33.)  In his FAC, plaintiff had
8  alleged that he encountered barriers at defendants' property, located at 2512 Coffee Road,
9  Modesto, California, 95350, which interfered with his ability to use and enjoy the goods, services,
10  privileges, and accommodations offered there.  (*Id.* at 2–6.)

11  On June 27, 2024, the undersigned declined to exercise supplemental jurisdiction over
12  plaintiff's state law claims and dismissed those claims without prejudice.  (Doc. No. 68.)
13  Accordingly, the only claim remaining in this action is the ADA claim.

14  As noted above, on July 25, 2024, plaintiff's counsel filed a declaration stating that
15  plaintiff had "passed away several weeks ago," that she was informed that plaintiff's wife "also
16  recently passed away, and no representative has yet been appointed on behalf of [plaintiff's]
17  estate," and indicated that she had "not been retained to represent [plaintiff's] estate."  (Doc. No.
18  69 at 1–2.)  Additionally, plaintiff's counsel conceded that "because the only relief available
19  under the Americans with Disabilities Act is injunctive relief, [plaintiff's] claims are mooted by
20  his death."  (*Id.* at 2.)

21  **LEGAL STANDARD**

22  Subject matter jurisdiction is required; it cannot be forfeited or waived.  *Arbaugh v. Y&H*
23  *Corp.*, 546 U.S. 500, 514 (2006).   "[C]ourts . . . have an independent obligation to determine
24  whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Id.*
25  The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject
26  matter jurisdiction. Fed. R. Civ. P. 12(h)(3).
27  /////
28  /////

## ANALYSIS

The only remedy available to a private litigant under Title III of the ADA is injunctive relief. *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA-only injunctive relief is available for violations of Title III."). As conceded by plaintiff's counsel, plaintiff's death renders his ADA claim for injunctive relief moot.[1] *See Kalani v. Starbucks Coffee Co.*, 698 F. App'x 883, 885 (9th Cir. 2017)[2] (finding that the plaintiff's death rendered his ADA claim moot). Accordingly, the court will dismiss this action *sua sponte* due to a lack of subject matter jurisdiction.

## CONCLUSION

For the reasons explained above,

1. This action is dismissed without prejudice due to a lack of subject matter jurisdiction;
2. The previously scheduled trial date of March 10, 2025 and pretrial conference date of January 14, 2025 are vacated; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **August 3, 2024**              /s/ Dale A. Drozd
                                         DALE A. DROZD
                                         UNITED STATES DISTRICT JUDGE

---

[1] The ADA contains a provision that allows a "prevailing party" to recover "a reasonable attorney's fee." 42 U.S.C. § 12205. Here, plaintiff is not "the prevailing party." Therefore, he is not entitled to recover attorney's fees.

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).